Law Office of Kenneth W. Richardson
Attorney for Plaintiff
305 Broadway, Suite 801
New York, New York 10007
(212) 962-4277
Facsimile: (212) 619-1358



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEREMIAH SCOTT

                              Plaintiff,

-against-

FJC SECURITY SERVICES, INC, MR.
FERREYRA

                              Defendants.
------------------------------------------------------------x

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

       Plaintiff, Jeremiah Scott, ("plaintiff") by his attorney, Kenneth W. Richardson for his complaint against defendants, alleges the following:

       1.     This is a civil rights action for declaratory relief, equitable relief, and monetary relief including but not limited to back pay, front pay, compensatory and punitive damages, past and future pain and suffering and other relief to redress discrimination in the terms and conditions of employment, based on plaintiff's race and nationality and the tort conduct of defendant.

       2.     Plaintiff files this action in violation of federal, state and local New York City laws pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

1

§2000*e et seq.*, U.S.C. 1981, the Family Medical Leave Act (FMLA), Americans With Disabilities Act, the New York State Executive Law §296 *et seq.*, the New York City Administrative Code Title 8, §8-107 *et seq.* .

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C, § 1331, 1343; and pursuant to the doctrine of pendent jurisdiction.

4. Venue is properly laid in the Southern District of New York because plaintiff resides in and worked in the Southern District.

5. Plaintiff timely pursued all applicable administrative remedies. On or about March 6, 2009 plaintiff filed a complaint with The New York State Division of Human Rights and a simultaneous charge with the Equal Employment Opportunity Commission charging discrimination based on race, nationality medical disability. A right to sue letter was issued dated November 17, 2009. Copy attached. Plaintiff contends the discrimination described herein to be continuous.

## PARTIES

6. Plaintiff, Mr. Scott, is a Black male from the country or nation of Jamaica, West Indies. Mr. Scott is a resident of the State of New York, City of Mount Vernon. At the time of his termination, Mr. Scott worked at a site in Yonkers, New York.

7. Defendant is an employer under all applicable provisions in which plaintiff bases his claims, including under Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 2000e et seq. ; the New York State Human Rights Law, as codified in Executive Law §290 et seq.; and Title 8 of the New York City Administrative Code. Defendant corporate headquarters office is located in Floral Park, New York and operates throughout the five boroughs and surrounding locations. Defendant also meets the jurisdictional threshold of the FMLA in that it employs more than 50 employees.

8.    At all relevant times herein Mr. Scott was an "employee" of defendants within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ; the New York State Human Rights Law, as codified in Executive Law §290 et seq.; and Title 8 of the New York City Administrative Code.

## FACTS

9.    Plaintiff commenced his employment with defendant on or about November 28, 2007 and was terminated by defendant on or about February , 2009.

10.    Plaintiff was hired as a security guard. In February 2009 Mr. Scott was assigned as a Site Manager at a housing complex in Yonkers, New York.

11.    Mr. Scott has always performed in at least a satisfactory manner.

12.    Back on December 25, 2008, Mr. Scott suffered an injury on the job and has suffered from that injury to this day.

13.    The injury occurred when Mr. Scott fell on a sheet of ice that had formed on the steps at the premises in Yonkers, New York on the 15th floor.

14.    Mr. Scott was taken to St. Josephs Hospital in Yonkers New York by ambulance.

3

15. After his release that same day and since then Mr. Scott continues to experience pain in his back and has taken physical therapy.

16. Due to the physical therapy, Mr. Scott has had to take some time off from work.

17. Mr. Scott has also had injury to his right knee and has experienced headaches ever since the fall.

18. Mr. Scott returned to work in approximately three weeks.

19. On or about February 18, 2009, Mr. Scott was advised by his doctor to take some days off from work and to return to work on February 24, 2009.

20. On or about February 18, 2009, Mr. Scott provided defendant employer with a note stating that he would be out of work until February 24, 2009.

21. On February 25, 2009, a day after Mr. Scott returned to work Mr. Scott was terminated.

22. On the 24th of February, Mr. Scott had called his employer stating that he was not sure he would be able to manage work but that he would try to report to the work site, to check the office and to make sure everything was all right with payroll.

23. On February 24, 2009, Mr. Scott did in fact make it to work.

24. The following day, February 25, 2009, Mr. Scott called the job and advised them that he could not make it to work that day and that he was at the doctor's office.

25. Mr. Scott decided to go to the doctor that day because his condition had worsened.

26. After speaking by phone with defendant, Mr. Scott reported to his employer at their headquarters in Long Island..

27. Mr. Scott spoke to a Ms. Travis who advised him that everything was fine but asked him to speak with a Mr. Lamar Mays.

4

28.. When Mr. Scott went to see Mr. Mays he was told by a Mr. Katanga Joseph that Mr. Mays was not in. Mr. Joseph then began to speak about hiring new officers.

29.. Mr. Scott then began to inquiry about his work site and stated that he needed to get there to essentially check on things.

30. Mr. Joseph told him not to worry about it and that everything was fine.

31. Mr. Scott continued to inquiry about the work site and expressed concern as to whether there was anyone there to take over.

32. When Mr. Joseph again said to not worry about it, Mr. Scott asked him what was going on.

33. Mr. Joseph said nothing was going on. At that time a man came by, peered at Mr. Scott, left and returned a few seconds later.

34. The man came back, pointed at Mr. Joseph and they left the room.

35. When Mr. Joseph returned in about ten minutes he began repeating that its not good.

36. Mr. Scott asked it he, Mr. Scott, had done anything wrong.

37. Mr. Joseph replied "not to my knowledge" and stated that a Mr. Ferreyra wanted to see him. Mr. Ferreyra was the Director of Client Relations.

38. Once in Mr. Ferreyra's office Mr. Ferrerra asked Mr. Joseph to leave, which he did.

39. Mr. Ferreyra then said, "Oh, you think you got it like that? Feliciano got fired because of you, because you all think you guys come here from Jamaica think you all got it like that. You fucking Jamaica nigger you. Give me the radio and your ID."

40. Mr. Scott protested that he did not know Mr. Ferreyra, that he wanted to see his supervisor and would give his radio and ID to his supervisor.

41. At that point, Mr. Ferreyra took off his jacket, which revealed a holstered firearm.

42. Mr. Scott then said okay and began to back away towards the door.

43. Mr. Ferreyra advised an associate, who was also in the room during this incident, to block the entryway.

44. Mr. Scott asked if he could have a copy of his ID before turning it in.

45. At that point, Mr. Ferreyra placed his hand on the gun and lifted the gun, but not out of the holster, and said, "Okay, you don't give me the ID and the radio? You ain't gonna fucking make it our here, you Jamaican fucking nigger.

46. Mr. Scott said that Mr. Ferreyra was not being professional and that Mr. Scott had provided a doctor's note.

47. Mr. Ferreyra replied, "you keep your fucking mouth shut because you may not make it out of here alive".

48. Mr. Ferreyra grabbed the radio and the ID from Mr. Scott.

49. At this point, Mr. Scott, who had a cane due to the injury he had suffered in the fall in December, 2008, could not move as fast as he would have liked to.

50. Mr. Ferreyra was aggressive and in Mr. Scott's space.

51. When Mr. Scott began to make his way towards the front exit, Mr. Ferreyra told him no and directed him to a back exit.

52. Mr. Scott then tripped and fell, and is not sure whether it was over his cane or something else.

53. Mr. Scott, thereby, was caused to suffer reinjury to his back

54. Other employees saw Mr. Scott fall and started laughing.

55. Once outside, Mr. Scott sat down and called 911.

56. Mr. Scott was taken by ambulance to Mount Sinai Hospital where he was prescribed medication and told to follow up with his doctor.

57. Employees of defendant who are not black, not from Jamaica and were not ill or disabled were not treated in the manner of Mr. Scott.

### FIRST CLAIM FOR RELIEF

58. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 57 of this Complaint with the same force and effect as if set forth herein.

59. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of his race and nationality in violation of Title VII.

60. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under federal law.

61. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## SECOND CLAIM FOR RELIEF

62. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 61 of this Complaint with the same force and effect as if set forth herein.

63. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of his race and nationality in violation of New York State Executive Law §296 *et seq.*, .

64. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under New York State law.

65. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## THIRD CLAIM FOR RELIEF

66. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 65 of this Complaint with the same force and effect as if set forth herein.

67. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of his race and nationality in violation of

New York City Administrative Code Title 8, §8-107 *et seq.*

68. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under New York City law.

69. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## FOURTH CLAIM FOR RELIEF

70. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 69 of this Complaint with the same force and effect as if set forth herein.

71. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of his race in violation of U.S.C. 1981

72. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under federal law.

73. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## FIFTH CLAIM FOR RELIEF

74. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 73 of this Complaint with the same force and effect as if set forth herein.

75. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of his disability or perceived disability in violation of The Americans With Disabilities Act.

76. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under the Act.

77. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## SIXTH CLAIM FOR RELIEF

78. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 77 of this Complaint with the same force and effect as if set forth herein.

79. Defendants have discriminated against Plaintiff in the terms, conditions

and privileges of his employment in violation of the Family Medical Leave Act.

80. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under the FMLA.

81. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## SEVENTH CLAIM FOR RELIEF

82. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 81 of this Complaint with the same force and effect as if set forth herein.

83. Defendants have engaged in the tort of the intentional infliction of emotional distress.

84. Defendants engaged in these egregious practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under New York State law.

85. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and intentional tort, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## EIGHTH CLAIM FOR RELIEF

86.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 84 of this Complaint with the same force and effect as if set forth herein.

87.  Defendants have engaged in the tort of negligence by negligently causing injury to plaintiff on February 25, 2009 in causing the trip and fall of plaintiff.

88.  Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' negligent acts, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## NINTH CLAIM FOR RELIEF

89.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 87 of this Complaint with the same force and effect as if set forth herein.

90.  Defendants have assaulted and/or battered plaintiff.

91.  Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and intentional tort, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that his Court enter judgment:

a)  declaring that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000e et seq.; the New York State Human Rights Law, the New York City Administrative Code and the Family Medical Leave Act.

b)  enjoining and permanently restraining these violations;

c)  directing Defendants to take such affirmative action as necessary to ensure that the effects of these unlawful acts and discriminatory employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)  directing Defendants to pay Plaintiff past and future pain and suffering, compensatory damages, and damages for his mental anguish, mental distress, humiliation, loss of reputation, and interest thereon, and all such other damages and remedies as may be available to the Plaintiff;

e)  awarding Plaintiff the costs and disbursements. Of this action, together with reasonable attorneys' fees, including, without limitation, all such fees as are provided by applicable law;

f)  awarding Plaintiff punitive damages against Defendant;

g)  retaining jurisdiction over this matter to assure full compliance with any Order of this Court; and

h)  granting such other and further relief as to this Court seems just and proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
       December 30, 2009

_Kenneth W. Richardson_
Kenneth W. Richardson, Esq.(8701)
Attorney for Plaintiff
305 Broadway, Suite 801
New York, New York 10007
(212) 962-4277
Facsimile: (212) 619-1358

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Jeremiah Scott
328 South Ninth Avenue
Mount Vernon, NY 10550

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 16G-2009-02746
EEOC Representative: Holly M. Woodyard, Investigator
Telephone No.: (212) 336-3643

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)    Charging party to pursue matter in Court.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_____
Spencer H. Lewis, Jr.,
Director

11/17/09
(Date Mailed)

Enclosures(s)

cc: FJC SECURITY SERVICES INC.
41-43 Crescent Street
Long Island City, NY 11101
Attn: Human Resource Director